UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND MUSEUM DISTRICT OF THE CITY OF SAINT LOUIS AND THE COUNTY OF SAINT LOUIS,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, JANET NAPOLITANO, and ERIC H. HOLDER,<br><br>    Defendants. | Case No. 4:11-cv-00291 HEA |

## DEFENDANTS' MOTION TO DISMISS OR STAY PROCEEDINGS

COME NOW Defendants the United States of America, Janet Napolitano, and Eric H. Holder, by and through their attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins and Richard E. Finneran, Assistant United States Attorneys for said district, and for their Motion to Dismiss or Stay Proceedings state as follows:

1. The United States has filed in this Court and on this day its Verified Complaint in the case of *United States of America v. Mask of Ka-Nefer-Nefer*, Case No. 4:11-cv-00504 (the "Civil Forfeiture Action"), which is a civil action *in rem* seeking the forfeiture of a certain Egyptian mask (the "Mask") that is currently in the possession and under the control of Plaintiff.

2. The Verified Complaint alleges that the Mask, which was excavated from an archeological site in Egypt in 1952, was illegally imported into the United States in violation of Title 19, United States Code, Section 1595a.

1

3. For the reasons set forth herein and in the accompanying memorandum, the United States respectfully requests that this Court dismiss or stay this action to permit the Civil Forfeiture Action to proceed in the manner set forth in Title 19, United States Code, Section 1602 *et seq.* and Supplemental Rule G of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

4. The United States first contacted Plaintiff in December 2010 to request a meeting regarding the provenance of the Mask and discuss plans for the removal of the Mask from the St. Louis Art Museum.

5. On January 13, 2011, the U.S. Attorney's Office for the Eastern District of Missouri hosted a meeting, attended by counsel for Plaintiff, at which meeting representatives of the United States indicated that the Mask was subject to forfeiture and offered Plaintiff the opportunity to voluntarily relinquish possession of the Mask.

6. Counsel for Plaintiff requested the opportunity to confer with its Board of Directors regarding the issues discussed at the meeting before the United States took any further action.

7. The United States agreed to forgo further action until mid-February, at which time Plaintiff agreed it would contact the United States to discuss the results of its conference with its Board of Directors.

8. Plaintiff made no further contact with the United States until February 15, 2011, when it filed this action seeking to have its rights declared with respect to the forfeiture of the Mask.

9. The United States filed its Verified Complaint seeking forfeiture of the Mask on March 15, 2011, prior to filing this Motion.

**CAUSE FOR DISMISSAL OR STAY**

10. The issues raised in the instant action are subsumed in the Civil Forfeiture Action filed this same day by the United States.

11. A civil forfeiture action, however, unlike the instant action, is a proceeding *in rem* and is designed to adjudicate not only the rights of the Plaintiff to this action but also to quiet title with respect to any other parties who may claim in interest in the *res*, i.e., the Mask.

12. Title 19, United States Code, Section 1602 *et seq.* and Supplemental Rule G of the Federal Rules of Civil Procedure set forth the procedures which govern a civil forfeiture action, which procedures differ significantly from those applicable in an ordinary civil action, such as the instant action brought under Title 28, United States Code, Section 2201.

13. The Civil Forfeiture Action will dispose of all the issues raised in the instant action, including the applicability of any statute of limitations, the factual issues relating to the Mask's provenance, and the propriety of the United States' seizure of the Mask.

14. The Civil Forfeiture Action is therefore a superior vehicle for adjudicating the rights at issue because it is capable of resolving the entire controversy between the parties.

15. As set forth more fully in the memorandum accompanying this Motion, a court should dismiss or stay a declaratory judgment action where, as here, it is brought merely in anticipation of a coercive suit.

16. In light of the foregoing considerations, adjudication of the instant action would be needlessly duplicative of the Civil Forfeiture Action.

17. Although Plaintiff has sought no temporary or permanent injunctive relief precluding the United States from seizing the Mask, the United States has merely sought a restraining order in

lieu of seizure, which would permit the Mask to remain in the actual possession of the St. Louis Art Museum during the pendency of the Civil Forfeiture Action.

18. A memorandum of law in support of this Motion is filed herewith.

WHEREFORE the United States respectfully requests that this Court dismiss the instant action as being duplicative of the Civil Forfeiture Action filed by the United States this same day, or, in the alternative, that it stay the instant action until such time as the Civil Forfeiture Action may be completed.

Dated: March 16, 2011

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

 */s/ Richard E. Finneran*
DIANNA R. COLLINS, #59641MO
RICHARD E. FINNERAN, #60768
Assistant United States Attorneys
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:  (314) 539-2200
Facsimile:   (314) 539-2287
*dianna.collins@usdoj.gov*
*richard.finneran@usdoj.gov*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

 */s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768
Assistant United States Attorney