UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND MUSEUM DISTRICT OF THE CITY OF SAINT LOUIS AND THE COUNTY OF SAINT LOUIS, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:11-cv-00291 HEA |
| THE UNITED STATES OF AMERICA, JANET NAPOLITANO, and ERIC H. HOLDER, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO DISMISS OR STAY PROCEEDINGS**

This Court should dismiss or stay the instant declaratory judgment action because the issues raised therein will be adequately and indeed more fully addressed in the matter of *United States v. Mask of Ka-Nefer-Nefer*, Case No. 4:11-cv-00504, a civil forfeiture action filed in this Court this same day (the "Civil Forfeiture Action"). The civil forfeiture statutes and rules under which that action is brought create a comprehensive procedural scheme designed by Congress to adjudicate fully the rights of all interested parties in property that is subject to forfeiture. As confessed by Plaintiff's own Complaint, the declaratory judgment in this case was sought merely in anticipation of the filing of such a civil forfeiture action, which action, having now been brought, is capable of disposing not only of all of the issues raised in Plaintiff's Complaint, but also of the ultimate issue of the forfeitability of the property, as well the claims of any third parties. Permitting the instant

1

action to go forward, either parallel to or in lieu of the Civil Forfeiture Action, would frustrate both the interest in judicial economy and the purpose of the Declaratory Judgment Act by needlessly delaying a final resolution of the entire controversy between the parties. For these reasons, this Court should exercise the discretion given to it by Congress under the Declaratory Judgment Act by dismissing or staying the instant action in favor of a full adjudication of the parties' dispute in the Civil Forfeiture Action.

## DISCUSSION

### I. This Court Has the Discretion to Dismiss or Stay an Action Under the Declaratory Judgment Act in Favor of a Coercive Lawsuit That Will Fully Resolve the Issues Between the Parties

The Declaratory Judgment Act is an enabling act.[1] Rather than conferring an absolute right of action on a litigant, it gives discretion to the court to hear an action for declaratory judgment when doing so is in the interest of both the litigants and the public.[2] A court is under no duty to entertain a declaratory judgment action; instead, it must assess the wisdom of allowing such an action to proceed in the exercise of its sound discretion.[3]

Chief among the considerations for a court in determining whether to exercise its discretion is whether declaratory relief would fully dispose of the controversy between the parties, or whether

---

[1] *Green v. Mansour*, 474 U.S. 64, 72 (1985) (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

[2] *Id.*; *see also Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[3] *Koch Eng'g Co., Inc. v. Monsanto Co.*, 621 F. Supp. 1204, 1207 (E.D. Mo. 1985); *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see also Hanes Corp. v. Millard*, 531 F.2d 585, 592 n.4 (D.C. Cir. 1972), *superseded by statute on other grounds* (describing factors to consider in exercising discretion, including "whether it would finally settle the controversy between the parties; whether other remedies are available or other proceedings pending; the convenience of the parties; the equity of the conduct of the declaratory judgment plaintiff; prevention of 'procedural fencing'; the state of the record; the degree of adverseness between the parties; and the public importance of the question to be decided").

such a resolution might not be reached more easily in another cause of action.[4] Especially where Congress has established a specialized procedure that would apply in a coercive suit, a court should not permit a party to evade such procedures by creative use of the Declaratory Judgment Act.[5] Instead, a court, in exercising its discretion, should deny declaratory relief where such relief is sought as a tool for purposes of "procedural fencing" or forum-shopping,[6] or where it is used chiefly to raise an affirmative defense in anticipation of the filing of a coercive suit.[7] In such cases, the fact that the suit for declaratory judgment is first in time does not carry the day.[8] Where a party files suit "after receiving notice of planned suit from the other party," such a circumstance weighs strongly in favor of denying declaratory relief.[9]

## II. The Civil Forfeiture Action Is a Superior Vehicle for Resolving the Issues Raised in the Instant Action

Title 19 of the U.S. Code and Rule G of the Supplemental Rules of Civil Procedure establish specialized procedures that apply when the United States seeks to forfeit property imported in

---

[4] *Koch*, 621 F. Supp. at 1208.

[5] *See City of Pikeville v. Pike Cnty.*, 297 S.W.3d 47, 52 (Ky. 2009) ("[C]ourts are in general agreement that a declaratory judgment act is not a substitute or alternative for such actions as are particularly provided for, to be brought in a particular way."); *see also City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir.1975) ("While the availability of another remedy does not preclude declaratory relief, a court may properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate . . . ."); *Gates Const. Co. v. Koschak*, 792 F. Supp. 334, 337 (S.D.N.Y. 1992) (dismissing declaratory judgment action "most importantly" because declaratory relief would circumvent special procedural rules under Jones Act); *Marchwinski v. Oliver Tyrone Corp.*, 461 F. Supp. 160, 173 (W.D. Pa. 1978) (noting that "courts should normally refrain from granting declaratory relief where a comprehensive statutory scheme of remedies is provided for a specific type of claim").

[6] *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995); *Koch*, 612 F. Supp. at 1207.

[7] *BASF*, 50 F.3d at 559; *see also Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952).

[8] *Koch*, 612 F. Supp. at 1207; *accord Prod. Eng'g & Mfg., Inc. v. Barnes*, 424 F.2d 42, 44 (10th Cir. 1970); *Cont'l Ins. Cos. v. Bayless & Roberts, Inc.*, 366 F. Supp. 287, 289 (D. Ala. 1973).

[9] *Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992); *accord Amerada Petrol. Co.*, 381 F.2d 661, 663 (5th Cir. 1967); *Aetna Cas & Sur. Co. v. Quarles*, 92. F2d 321, 324 (4th Cir. 1937).

violation of the customs laws. Section 1595a of Title 19 grants the United States the power to seize any imported article that "is stolen, smuggled, or clandestinely imported or introduced" and to forfeit such an article under the procedures set forth in sections 1602 through 1631. Rule G of the Supplemental Rules of Civil Procedure augments these procedures by setting forth the relevant pleading standards,[10] establishing requirements for notice to potential claimants and the public,[11] and modifying the ordinary timing and sequence of discovery.[12]

Among the principal advantages to a civil forfeiture proceeding is that, unlike the instant declaratory judgment action, it is an action *in rem* brought against the property itself, with the concomitant capacity to adjudicate any and all third-party interests in the property and quiet title with respect thereto.[13] As such, a final judgment in the Civil Forfeiture action would conclude either with the final vindication of a claimant's interest or with the forfeiture of the *res*—neither of which could be accomplished by a judgment for declaratory relief, which at best could adjudicate the rights as between the parties thereto, and at worst might not even foreclose a later civil forfeiture action. Because Congress has decreed that the Civil Forfeiture Action is the proper vehicle by which to resolve such disputes, and because it has gone further by providing specialized procedures to apply in such proceedings, this Court should defer to that judgment and refuse the declaratory relief requested by Plaintiff.

---

[10]  Rule G(2), G(5).

[11]  Rule G(4).

[12]  Rule G(6).

[13]  *United States v. Usury*, 518 U.S. 267, 296 (1996) (Kennedy, J., concurring) ("[C]ongress, in order to quiet title to forfeitable property in one proceeding, has structured the forfeiture action as a proceeding against the property, not against a particular defendant.").

## III. Permitting the Instant Action to Go Forward in the Face of the Civil Forfeiture Action Would Impede an Economical Resolution of the Issues and Frustrate the Purpose of the Declaratory Judgment Act

Allowing the instant action to proceed parallel to the Civil Forfeiture Action needlessly multiplies this Court's task in determining the forfeitability of the property. The claims in the instant action are not merely duplicative of the issues in the Civil Forfeiture Action: they are subsumed by it. Plaintiff's Complaint nearly confesses as much, as it affirmatively pleads that the instant action was prompted by the United States' expression of its intent to pursue the Civil Forfeiture Action.[14] The instant action seeks to foreclose such an action from proceeding, but as Justice Brennan once famously stated, "[a] federal declaratory judgment is not a prize to the winner of the race to the courthouse."[15]

The purpose of the declaratory judgment act is to provide relief to plaintiffs who would otherwise suffered continued accrual of damages from a potential adversary's decision to sit on its rights.[16] It is not an instrument for would-be defendants to reverse-engineer claims out of affirmative defenses,[17] nor to avoid Congressionally mandated procedures.[18] While the United States had delayed in bringing the Civil Forfeiture Action in the hopes of reaching an amicable resolution with Plaintiff and avoiding the need for an adversary proceeding, it appears that, regrettably, that ship has

---

[14] Compl. at ¶ 18.

[15] *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennen, J., dissenting), *cited with approval in Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978).

[16] *See Shell Oil Co. v. Fruscetta*, 290 F.2d 689, 692 (9th Cir. 1961) ("The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim.")

[17] *Koch*, 612 F. Supp. at 1207.

[18] *See supra* note 5 and accompanying text.

sailed. The United States has been left with no choice but to commence the Civil Forfeiture Action, and now that it has, that action should proceed unencumbered by Plaintiff's duplicative and anticipatory claims.

## CONCLUSION

Because the Civil Forfeiture Action provides Plaintiff with a comprehensive forum in which to raise its claims in the manner Congress provided, the United States respectfully requests that this Court dismiss the instant action or, in the alternative, that it stay this proceeding until such time as the Civil Forfeiture Action has concluded.

Dated: March 16, 2011                                           Respectfully submitted,

                                                                RICHARD G. CALLAHAN
                                                                United States Attorney

                                                                 */s/ Richard E. Finneran*
                                                                DIANNA R. COLLINS, #59641MO
                                                                RICHARD E. FINNERAN, #60768
                                                                Assistant United States Attorneys
                                                                111 South 10th Street, Suite 20.333
                                                                Saint Louis, Missouri 63102
                                                                Telephone:  (314) 539-2200
                                                                Facsimile:   (314) 539-2287
                                                                *dianna.collins@usdoj.gov*
                                                                *richard.finneran@usdoj.gov*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 16, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

 */s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768
Assistant United States Attorney