# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE ART MUSEUM SUBDISTRICT OF THE METROPOLITAN ZOOLOGICAL PARK AND MUSEUM DISTRICT OF THE CITY OF ST. LOUIS AND THE COUNTY OF ST. LOUIS, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:11CV291 HEA |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Dismiss or Stay this Action [ECF No. 8]. Plaintiff has filed a reply to defendants' motion [ECF No. 14], and the issues have been fully briefed.

On February 15, 2011, plaintiff, the Art Museum Subdistrict of the Metropolitan Zoological Park and Museum District of the City of St. Louis and the County of St. Louis ("the Museum") filed this declaratory judgment action against the United States of America, United States Attorney General Eric Holder and Secretary of the Department of Homeland Security, Janet Napolitano (collectively "the Government") pursuant to 28 U.S.C. §§ 2201-02, seeking a determination

from this Court that the Government was time-barred from seeking forfeiture of an Egyptian artifact known as the Mask of Ka-Nefer-Nefer ("Mask"). In its complaint for declaratory relief, the Museum also seeks a declaration that the Mask was not "stolen," such that it cannot be the subject of a government seizure pursuant to 19 U.S.C. § 1595a.

On March 16, 2011, the Government filed a motion to dismiss or stay this action, while simultaneously filing a civil forfeiture action in this Court seeking title to the Mask. *See United States v. Mask of Ka-Nefer-Nefer*, Case No. 4:11CV504 HEA. Specifically, in the forfeiture action, the Government seeks forfeiture of all rights, title and interests in the Mask on the basis that "the circumstances indicate it was stolen property at the time it was imported into the United States." In advancing such an argument, the Government relies on 19 U.S.C. § 1595a, which grants the United States the power to seize any imported article that "is stolen, smuggled, or clandestinely imported or introduced" and require a party to forfeit such an article under the procedures set forth in sections 1602 through 1631 of Title 19.

In the motion to dismiss or stay presently before the Court, the Government argues that the instant case brought pursuant to the Declaratory Judgment Act should be dismissed or stayed because the civil forfeiture action is a procedurally

superior mechanism for resolving title to the Mask. Despite an implied acknowledgment that the claims in the two actions are, in essence, duplicative, plaintiff argues that it should be allowed to proceed with its declaratory judgment action rather than be forced to submit to the procedural rules associated with the forfeiture action. Plaintiff also suggests that the Government is trying to evade the Museum's statute of limitations defense by clinging to the cloak of the forfeiture rules. Lastly, plaintiff warns the Court that others may try to make baseless claims to the Mask and cause the Museum to incur additional legal fees in asserting its own right to title.

Upon review of the parties' briefs in detail, as well as the relevant case law, the Court has finds that no party will be prejudiced by staying the instant action and allowing the parties' arguments to proceed within the parameters of the civil forfeiture action. The civil forfeiture statutes, and the rules under which a forfeiture action may be brought, simply provide a greater comprehensive procedural avenue to adjudicate the rights of the interested parties in property like the one at issue, which the Government asserts is subject to forfeiture.

Title 19 of the United States Code and Rule G of the Supplemental Rules of Civil Procedure establish specialized procedures that apply when the United States seeks to seize property it believes has been imported in violation of the customs

laws. Rule G of the Supplemental Rules of Civil Procedure augments these procedures by setting forth the relevant pleading standards, establishing requirements for notice to potential claimants and the public, and modifying the ordinary timing and sequence of discovery. Thus, the fact that there is a specific statutory scheme for addressing the issues presently before the Court weigh heavily in favor of staying the instant action and allowing the parties' arguments to proceed under the civil forfeiture procedures. *See, e.g., Gates Const. Co v. Koschak*, 792 F.Supp. 334, 337 (S.D.N.Y. 1992) (dismissing declaratory judgment action, in part, because declaratory relief would circumvent special procedural rules under the Jones Act).

Moreover, the Court notes that it has discretion to decide whether to decline to entertain the instant declaratory judgment action. *See* 28 U.S.C. § 2201(a); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-97 (1942); *United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 261 (8th Cir. 1994). When exercising its discretion, the Court gives the appropriate weight to the principle that the Declaratory Judgment Act should ordinarily not be used as a substitute or alternative means for bringing actions on specific claims that are already subject to special procedural rules. Plaintiff based the instant action primarily on an affirmative defense, seeking a finding that defendants were time-

barred from asserting a right to the Mask. When a plaintiff in a declaratory action raises chiefly an affirmative defense, a Court should be mindful that granting relief could effectively deny the other party its otherwise legitimate forum and time for suit. *See, e.g., BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995).

Although the Court recognizes that plaintiff has concerns about adjudicating its right to title in the Mask under a civil forfeiture action, the Court believes that a forfeiture action is preferable, as it will provide a full and final adjudication as to who has the ultimate right of ownership in the Mask, as it is an action in rem, or one brought against the property itself. *See* Rule G of the Supplemental Rules of Civil Procedure. Thus, a forfeiture action has the ability to adjudicate third-party interests to property, as well as quiet title with respect thereto.

Furthermore, despite plaintiff's fear of competing litigants in the in rem action, plaintiff is the only claimant in the civil forfeiture action, and the time for any other claimants to have made claims has long since passed. Additionally, plaintiff has already filed a motion to dismiss the forfeiture complaint based on the same statute of limitations argument it advances in this case, thus, it has not been impeded from asserting its legal defenses to the Government's attempts to seize the Mask.

Based on the analysis above, the Court finds that the instant action should be stayed and the parties' arguments for title should proceed under the civil forfeiture action, *United States v. Mask of Ka-Nefer-Nefer*, Case No. 4:11CV504 HEA.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss or Stay [ECF No. 8] is **GRANTED IN PART** and **DENIED IN PART**. Defendants' request for dismissal is **DENIED** and the request for stay is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the outcome of the civil forfeiture action, *United States v. Mask of Ka-Nefer-Nefer*, Case No. 4:11CV504 HEA.

Dated this 31st day of March, 2012.

                                              HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE